UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-60480-RAR

JOSH PETIT-JEUNE,

    Plaintiff,

v.

CITY OF FORT LAUDERDALE,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

Defendant, CITY OF FORT LAUDERDALE ("Defendant"), by and through its undersigned counsel, the Law Offices of Carmen Rodriguez, P.A., hereby files its Response opposing Plaintiff's counsel's Motion to Withdraw [DE 52] and states as follows:

Plaintiff's counsel has failed to establish any cause to withdraw, given the posture of this case at this late juncture. On November 14, 2022, City filed its Motion for Summary Judgment and Statement of Undisputed Facts in Support of its Motion for Summary Judgment. DE 44; DE 45. Plaintiff requested and obtained an extension of time to December 8, 2022 to respond. DE 49; DE 50. In the interim, Plaintiff entered into a full and complete settlement of this matter based on discussions relating to the status of discovery and additional matters learned relating to Plaintiff's deposition testimony. After thorough negotiations between the parties, through their counsel, Plaintiff's counsel provided Defendant with an executed copy of the agreed Settlement Agreement and Release, together with Plaintiff's letter of resignation from employment with Defendant, for

personal reasons. Plaintiff was included on the email from his counsel to Defendant's counsel on November 30, 2022, providing to Defendant his signed Settlement Agreement and his letter of resignation. The Settlement Agreement was then fully executed by Defendant and provided to Plaintiff's counsel on December 1, 2022. Defendant City has accepted Plaintiff's resignation from employment and in all other respects fully complied with the Agreement. Pursuant to the Agreement terms, Plaintiff was then simply to file a notice dismissing this matter with prejudice. Since December 1, Defendant has been requesting Plaintiff's counsel to complete the clerical act required by the Agreement and simply file the notice of dismissal. Plaintiff's counsel has refused to file the required notice of dismissal and has now filed the instant Motion to Withdraw, after being notified by Defendant that failure to file the notice of dismissal would require Defendant to file a Motion to Enforce and that Defendant would seek its attorneys' fees and costs incurred therein.

As Plaintiff's counsel acknowledges in his Motion to Withdraw "the case is effectively settled." DE 52, ¶ 2. Plaintiff and his counsel are requiring this Court to waste judicial resources and Defendant, a taxpayer-funded municipality, to incur additional fees and costs based on Plaintiff and his counsel's refusal to file the required notice of dismissal. Allowing Plaintiff's counsel to withdraw at this juncture would cause delay, waste of judicial resources and additional fees to Defendant. Plaintiff's counsel's Motion gives the Court no basis on which to allow Plaintiff's counsel to withdraw at this juncture.

Dated: December 7, 2022        Respectfully submitted,

<div style="margin-left: 3em;">
s/ Carmen Rodriguez
Carmen Rodriguez, Esq. (FBN 710385)
Email: crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
15715 S. Dixie Highway, Suite 411
Palmetto Bay, Florida 33157-1884
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorneys for Defendant
</div>